CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 0 9 2013

JULIA C. DUDLEY, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DONELL J. BLOUNT, SR., | ) | CASE NO. 7:12CV00476 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| SGT. LARRY ROSS COLLINS, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Donell J. Blount, Sr., a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant prison officials at Red Onion State Prison used excessive force against him. The court denied summary judgment as to defendants Collins, Hale, Gilbert, and Younce, and directed that the case be set for a jury trial at the court's earliest convenience. Now, Blount moves for a temporary restraining order directing other Red Onion officers who are friends of the defendants to stop retaliating against Blount for bringing this lawsuit. Upon review of the record, the court finds that Blount's motion must be denied.

Blount states that after refusing to provide him with scheduled recreation time and showers on two occasions in late August of 2013, Sgt. Miller allegedly told Blount on August 27, 2013, "You keep writing me and my officers up and you have two of my supervisors and friends going to court for your bullshit lawsuit. I'm going to make your life hell until you learn to leave us alone." Miller allegedly told Blount that Defendants Younce and Gilbert are his friends. Later that same day, when Miller and Lt. Franklin came to Blount's cell, Blount told Franklin about Miller's behavior and threats. Miller allegedly said, "He's not going to save you. . . . I'll gas you and shock you with the belt . . . until you shit your pants if we get to take you to court for your trial." Franklin allegedly told Blount that while transporting another

inmate, Miller had shocked the man until he was "crying like a little girl." Blount alleges that the inmate to whom Franklin and Miller referred had suffered burn marks on his back from the "shock-belt." Blount asserts that these officers' threats have caused him extreme stress and fear.

Temporary restraining orders are governed by Rule 65(b) of the Federal Rule of Civil Procedure. Such orders are issued only rarely, when the movant proves that he will suffer irreparable injury if relief is not granted before the adverse party could be notified and have an opportunity to respond. Fed. R. Civ. P. 65(b).

Blount offers no reason to deprive prison officials of the opportunities inherent in the normal litigation process to respond to his allegations. Moreover, it is clear that Blount has not yet had time to exhaust his available administrative remedies as to his current allegations of retaliatory threats. Until he does so, he is barred from bringing these claims in a civil action in this court. See 42 U.S.C. § 1997e(a). Finally, even if Blount's allegations against Miller and Franklin might state § 1983 claims against these individuals once he has complied with § 1997e(a), such claims are not properly joined with the claims going to trial in this action. See Fed. R. Civ. P. 20.

For the stated reasons, the court denies Blount's motion for temporary restraining order. An appropriate order will enter this day. The clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 9th day of September, 2013.

_____
Chief United States District Judge