CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 25 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DONELL J. BLOUNT, SR., | ) | CASE NO. 7:12CV00476 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| SGT. LARRY ROSS COLLINS, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

This pro se prisoner civil rights action under 42 U.S.C. § 1983 is currently scheduled for trial in May of 2014 against four prison officials who allegedly used excessive force against plaintiff Donell J. Blount. In two recent, unverified submissions, Blount alleges that one of the defendants, Sgt. Collins, has made verbal threats to harm Blount in connection with the pending lawsuit and recently sprayed Blount with pepper spray for no reason. Blount asks the court to issue an order to enjoin the defendants from "verbally and physically attacking and threatening to kill [Blount] and make him feel pain before he makes it to trial." (ECF No. 51, at 1.) The court construes Blount's submissions (ECF No. 51 & 52) as a motion for interlocutory injunctive relief, which must be denied. While such relief is not appropriate in this civil action, however, the court will direct the clerk to remove the pleading and file it as a new civil action.

"[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. 1997); In re Microsoft Antitrust Litig., 333 F.3d 517, 526 (4th Cir. 2003). Blount does not allege that the harm he seeks to prevent through an interlocutory injunction arises directly from the wrongs he claimed against the defendants in this case. Rather, Blount alleges facts on which he seeks to show a substantial risk that, in retaliation

for the pending lawsuit, Collins will take measures to harm Blount before the trial occurs. Therefore, no interlocutory injunctive relief is warranted in this pending case.

The court finds Blount's allegations to be disturbing, however. Prison officials may not punish an inmate for seeking judicial remedies nor may they threaten an inmate with physical harm in a manner reasonably calculated to discourage him from pursuing judicial remedies. Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978). Blount's allegations suggest that he may be able to prove a § 1983 claim that Collins has retaliated against him for bringing this lawsuit by making verbal threats of physical harm and then taking steps to carry out those threats. Accordingly, the court will allow Blount to pursue this claim in a new and separate civil action, if he complies with filing requirements for bringing such actions. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 25th day of October, 2013.

*/s/ Glen Conrad*
Chief United States District Judge